■ MAGDELINE Y. ALLEYNE et al., Respondents, v PENSKE TRUCK LEASING CORPORATION et al., Appellants. [653 NYS2d 19] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered December 1, 1995, which, in an action to recover for personal injuries sustained in an automobile accident, denied defendants' motion to vacate plaintiffs' note of issue and certificate of readiness, unanimously affirmed, with costs.

The IAS Court properly rejected defendants' argument that the instant action against the lessor and driver of the offending vehicle should be stayed under Bankruptcy Code (11 USC) § 362, based on the bankruptcy proceeding against the lessee of the vehicle and a lease agreement requiring the lessee to indemnify the lessor for the first $250,000 of any liability arising out of an accident involving the vehicle. Unlike *Matter of North Star Contr. Corp. v McSpedon* (125 Bankr 368), which stayed an action against the president of a bankrupt corporation for having misrepresented its financial viability on the

grounds that the president had a right of indemnification against the corporation and that plaintiff did not have a "bonafide separate cause of action against [the president]" (*supra*, at 371), here, defendant lessor's potential liability to plaintiffs, which stems from its ownership of the vehicle (Vehicle and Traffic Law § 388), is independent of any contractual obligation nonparty lessee may have to indemnify the lessor, and should not be affected by the bankruptcy. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.